# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANCISCO ESCAMILLA,

    *Petitioner*,

vs.

D.W. NEVEN, *et al.*,

    *Respondents*.

2:12-cv-01640-PMP-NJK

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

Following review, it appears that the Petition is subject to dismissal with prejudice as time-barred for failure to file the Petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the Petition should not be dismissed as time-barred.

## *Background*

Petitioner Francisco Escamilla challenges his Nevada state conviction, pursuant to a jury verdict, of first-degree murder with a deadly weapon, burglary while in possession of a firearm, attempted robbery with the use of a deadly weapon, and conspiracy to commit robbery.

The materials filed with the Petition and online state court records reflect the following.

Petitioner's conviction was affirmed on direct appeal in a May 12, 2009, order by the Supreme Court of Nevada. The time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on August 10, 2009.

1    Nearly 21 months later, on or about May 2, 2011, Petitioner filed a a state post-
2 conviction petition.  The state district court denied the petition as untimely, and the Supreme
3 Court of Nevada affirmed on that basis in a January 12, 2012, order.  Thereafter, the state
4 supreme court denied a petition for rehearing and a request for an extension of time to seek
5 *en banc* reconsideration, in which Petitioner provided no reasons for the requested extension.
6 The remittitur issued on April 4, 2012.

7    Over five months later, on or about September 14, 2012, Petitioner mailed the Petition
8 in this matter to the Clerk of this Court for filing.

### ***Discussion***

10   Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises
11 the question of whether the Petition is time-barred for failure to file the petition within the one-
12 year limitation period in 28 U.S.C. § 2244(d)(1).

13   Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless
14 otherwise tolled or subject to delayed accrual, begins running after "the date on which the
15 judgment became final by the conclusion of direct review or the expiration of the time for
16 seeking such direct review."  In the present case, the limitation period therefore began running
17 after the ninety day time period expired for filing a petition for *certiorari* after the state supreme
18 court affirmed the conviction on direct appeal, *i.e.,* after August 10, 2009.

19   Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during
20 the pendency of a properly filed application for state post-conviction relief or for other state
21 collateral review.  However, an untimely state petition is not properly filed for purposes of §
22 2244(d)(2) and thus does not statutorily toll the running of the federal limitation period.  *Pace*
23 *v. DiGuglielmo,* 544 U.S. 408 (2005).  Petitioner's untimely state petition therefore did not give
24 rise to any statutory tolling in this case.  Moreover, the untimely state petition in any event was
25 filed after the expiration of the federal limitation period, absent other tolling or delayed accrual.

26   Accordingly, absent other tolling or delayed accrual, the federal limitation period expired
27 in this case on August 10, 2010.  The federal petition in this matter was not mailed for filing
28 until on or about September 14, 2012, over two years after the federal limitation period had

-2-

expired, absent other tolling or delayed accrual. The Petition therefore is untimely on its face.

Petitioner therefore must show cause in writing why the Petition should not be dismissed with prejudice as time-barred.

In this regard, Petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if Petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence under current law, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, Petitioner shall SHOW CAUSE in writing why the Petition should not be dismissed with prejudice as time-barred. If Petitioner does not timely respond to this order, the Petition will be dismissed with prejudice as time-barred without further advance notice. If Petitioner responds but fails to show – with specific, detailed and competent evidence – that the Petition

1  is timely, the action will be dismissed with prejudice.

2    IT FURTHER IS ORDERED that all assertions of fact made by Petitioner in response
3  to this show cause order must be detailed, must be specific as to time and place, and must
4  be supported by competent evidence. The Court will not consider any assertions of fact that
5  are not specific as to time and place, that are not made pursuant to a declaration under
6  penalty of perjury based upon personal knowledge, and/or that are not supported by
7  competent evidence filed by Petitioner in the federal record. Petitioner thus must attach
8  copies of all materials upon which he bases his argument that the Petition should not be
9  dismissed as untimely. Unsupported assertions of fact will be disregarded.

10    IT FURTHER IS ORDERED that this order does not signify by omission that either the
11  Petition or the claims therein otherwise are free of deficiencies, as the Court defers
12  consideration of any other deficiencies in the papers presented until after assessing the
13  timeliness issue in the first instance.

14    DATED: February 15, 2013

_____
PHILIP M. PRO
United States District Judge