# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANCISCO ESCAMILLA,

    *Petitioner*,

vs.

D.W. NEVEN, *et al.*,

    *Respondents*.

2:12-cv-01640-PMP-NJK

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's preliminary Response (#8) to the Order (#6) that he show cause why the Petition should not be denied as untimely. Petitioner requests therein an extension of time to respond more fully to the show-cause order.

    Petitioner requests an extension of time of at least ninety days to respond more fully to the show-cause order. The Court is not inclined at present to grant such a lengthy extension on the showing currently made. Sixty days should be sufficient, after allowing for the delay in the show-cause order reaching Petitioner initially, Petitioner's *pro se* status, and the limitations on direct access to prison law library resources.

    The Court further is not inclined to appoint counsel prior to considering Petitioner's full response to the show-cause order. The Court is holding Petitioner's pending motion (#2) for appointment of counsel pending that review. The Court does not find that the interests of justice require the appointment of counsel in the interim.

    For future filings, Petitioner should note the following.

1  *First*, any requests for relief should be presented by a separate written motion. For
2  example, in the present filing, Petitioner presents a request for an extension of time within a
3  preliminary response to the show-cause order. Petitioner instead should present the request
4  for an extension of time in a written motion separate and apart from the preliminary response.
5  Further, a preliminary response generally need not be sent if Petitioner is requesting an
6  extension of time. If the Court denies the extension, the Court will direct that the response
7  be filed within a short time interval established by the Court.

8  *Second*, Petitioner must sign all filings. Here, Petitioner signed a declaration under
9  penalty of perjury regarding the certificate of service, but he did not sign the filing itself on
10 page 4 of the filing. He must sign the filing, not merely a certificate of service or a declaration.

11 *Third*, the declaration under penalty of perjury that Petitioner signed does not declare
12 that *the factual assertions in the response* are made under penalty of perjury. The declaration
13 that Petitioner signed instead declares only that the mailing information *in the certificate of*
14 *service* is true and correct. Such a declaration does not satisfy the requirement in the show-
15 cause order that, among other things, all assertions of fact in the response must be "made
16 pursuant to a declaration under penalty of perjury based upon personal knowledge . . . [or be]
17 supported by competent evidence filed by Petitioner in the federal record." #6, at 4. In short,
18 if Petitioner seeks to support factual assertions in the show-cause response with a declaration
19 under penalty of perjury, that declaration must declare under perjury that the factual
20 assertions *in the response* are true and correct.

21 IT THEREFORE IS ORDERED that the time for Petitioner to respond to the prior Order
22 (#6) is extended up to and including **sixty (60) days** from entry of this Order.

23 IT FURTHER IS ORDERED that the Clerk of the Court shall file the Petition.
24 DATED: March 14, 2012.

_____
PHILIP M. PRO
United States District Judge

-2-